10-21705.rr

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21705-CIV-MARTINEZ/BROWN

WALLACE C. JONES JR.,

    Plaintiff,

vs.

OFFICERS KELVIN JOHNSON, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant Deehl's Motion to Dismiss Complaint, filed July 12, 2010 (D.E. 34). The Court has reviewed the Motion, the Response and the complaint, and is otherwise fully advised.

### Facts

Plaintiff Wallace C. Jones, Jr. has filed a fifteen page (plus attachments) pro se "Civil Rights Complaint" ("Complaint" or "Cmplt.") against Defendant The Honorable Robert M. Deehl ("Judge Deehl") as well three Miami Dade Police Officers, with respect to events surrounding his arrest on May 17, 2010. Plaintiff seeks nine million dollars in damages. Judge Deehl moves to dismiss the complaint on four grounds: (1) the complaint violates Fed.R.Civ.P. 8; (2) the complaint fails to state a cause of action under 42 U.S.C. §1983[1]; (3) the action is barred by the Eleventh Amendment of the

---

[1] Section 1983 provides a civil cause of action for "a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. §1983).

1

United States Constitution; (4) Judge Deehl is entitled to judicial immunity; and (5) the action is frivolous and barred by 28 U.S.C. §1915.

Although the Complaint is difficult to understand at times, the basis of Plaintiff's complaint appears to be as follows. On May 17, 2010, a uniformed police officer appeared at Plaintiff's home and forcibly took him to the police station where he was questioned after waiving his Miranda rights and was ultimately was charged with violation of Fla. Stat. §843.08 ("Falsely personating officer") and §843.085 ("Unlawful use of police badge or other indicia of authority"). Complt. Appx. 5. According to the Complaint and the attached arrest affidavit, the charges concerned Plaintiff's appearance at the Department of Children and Families ("DCF") office on May 5, 2010, at which time Plaintiff attempted to serve a DCF official with a copy of a motion for summary judgment in another federal case in which he is also a pro se plaintiff. Plaintiff alleges that he could not have violated these laws because it was plaintiff's responsibility to provide the copy to the DCF worker, and that the "accusational document" did not provide the "evident[i]ary factual element" of impersonating a police officer. Compl. pp. 12-13.

As to Judge Deehl, Plaintiff alleges that on May 18, 2010, he appeared in "bound [sic] court (probable cause court)", where the following occurred:

> [Plaintiff] pro se immediately moved the Court to dismiss the information, for lack of evidentary [sic] essential elements of the offense charged. Judge Deehl, immediately act[sic] as thou [sic] totally believing the information and said plaintiff went to DCF impersonating a police officer, with a badge. Plaintiff swore to the state court judge that he only went to the DCF office to provide them with a copy of the summary judgment motion he'd filed in federal court earlier that day and as counsel of record it was absolutely plaintiffs['] responsibility to make sure that all parties to the action receive copies. Judge Deehl reverted his speech to an [sic] theory that because plaintiff have [sic] not registered with the florida bar and such it was a crime for plaintiff to be

>   practicing law otherwise. ... Concludely [sic] Judge Deehl, reduced plaintiffs['] bound [sic] ...

Compl. p. 5.

Plaintiff attempts to state a "Fourth Amendment Probable Cause claim" based on Judge Deehl "[holding] plaintiff jailed and set[ting] bound [sic] based on heresay [sic] accusation ..." (Complt. p. 11); a "Fourteenth Amendment Liberty - Due Process Clause claim" based on Judge Deehl "[finding] probable cause to hold plaintiff jailed and set bound [sic], based on allegator [sic] charging plaintiff with impersoning [sic] a police officer and unlawful used of police badge, ..." (Complt. p. 11); and a "Fourteenth Amendment Discrimination claim" based on "Judge Deehl stat[ing] to plaintiff that he found probable cause to hold plaintiff jailed because plaintiff impersonated a police in violation [of] Florida law..." (Complt. p. 12).

## Discussion

Plaintiff's complaint is convoluted and repetitious, and difficult to understand at times. Although Plaintiff is proceeding pro se, he is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's complaint is clearly in violation of Fed.R.Civ.P. 8(a), which requires that the plaintiff file "a short and plain statement of his claim, Fed.R.Civ.P. 8(d), which requires that allegations in the complaint "must be simple, concise, and direct",[2] and Fed.R.Civ.P. 10(b), which requires that "a party must state its claims ... in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count..." The

---

[2] The Eleventh Circuit no longer applies a heightened pleadings standard to civil rights complaints brought under 42 U.S.C. §1983 against individuals who may be entitled to qualified immunity. Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010).

complaint has run-on sentences (e.g., the factual allegations are contained in a single paragraph which runs for almost five pages), fails to clarify exactly which of claims pertain to each defendant, fails to state in what capacity defendants are being sued, and fails to separately number each count for clarity. Therefore, Plaintiff's complaint is subject to being dismissed on these grounds alone. However, it further appears that to the extent that Plaintiff seeks to make claims against Judge Deehl, the doctrine of judicial immunity is applicable and the complaint against Judge Deehl should be dismissed with prejudice.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). In Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), the Supreme Court stated that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'." (citation omitted).

Plaintiff argues that Judge Deehl was acting "in the clear absence of all jurisdiction" because the charging document failed to state an offense and because the officers did not obtain a warrant to conduct a home arrest. In Stump, the Court found that the scope of the judge's jurisdiction "must be construed broadly," and gave the following example:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Id. at 356 (citation omitted); see also Dykes v. Hosemann, 776 F.2d 952 (11th Cir. 1985) (emphasizing that the term "jurisdiction" refers to subject matter, not personal jurisdiction).

Even assuming the truth of Plaintiff's allegations for the purposes of this motion, all of the acts allegedly taken by Judge Deehl were in his capacity as a sitting state criminal court judge and he would

4

therefore not have been acting "in the clear absence of jurisdiction".

### Recommendation

Accordingly, this Court respectfully recommends that Defendant Deehl's Motion to Dismiss Complaint be **GRANTED** based on judicial immunity and that the Complaint against Judge Deehl be dismissed with prejudice.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 30th day of August, 2010 at Miami, Florida.

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Hon. Jose E. Martinez
Wallace C. Jones, Jr., pro se
counsel of record